UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ESCALANTE, <br>         Plaintiff, <br> v. <br> FORD MOTOR COMPANY, et al., <br>         Defendants. | Case No. 19-cv-06853-VC <br><br> **ORDER GRANTING MOTION TO REMAND** <br> Re: Dkt. No. 10 |

      Ford removed this case on the theory that complete diversity exists because Cerritos Ford, a California corporation, was fraudulently joined. But while the complaint's allegations against Cerritos Ford are thin, it seems possible that Escalante could succeed on his negligent repair claim against the dealer – or that, at the very least, any "deficiency in the complaint [could] possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

      Ford argues that the negligent repair claim is barred by the economic loss rule. But the contours of this rule under California tort law are not clear enough to provide "extraordinarily strong . . . arguments that [Escalante] could not possibly prevail on [his] claims against the allegedly fraudulently joined defendant." *Id.* at 548. California courts often conduct a somewhat open-ended analysis when determining whether a defendant can be held liable in negligence for particular kinds of injuries. *See Southern California Gas Leak Cases*, 7 Cal. 5th 391, 401 (2019) ("Deciding whether to impose a duty of care turns on a careful consideration of the sum total of the policy considerations at play, not a mere tallying of some finite, one-size-fits-all set of factors."). Furthermore, Escalante contends that his claim falls under the rule articulated in

*Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002), that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." To be sure, it's uncertain whether the *Jimenez* rule would apply to a claim for negligent performance of services where the parties are in privity. *Cf. Aas v. Superior Court*, 24 Cal. 4th 627 (2000) (applying economic loss rule to claim involving negligent performance of services). And it's also questionable whether the facts of this case, as laid out in the negligent repair section of the complaint, would support such a claim. *See* Dkt. 1-1 ¶ 45 (alleging that Cerritos Ford "fail[ed] to properly store, prepare, and repair the Subject Vehicle in accordance with industry standards"). But Escalante does elsewhere allege problems with many distinct subcomponents of the vehicle, which suggests that even if the current complaint does not adequately state a *Jimenez* claim, it could perhaps be amended to do so. *See id.* ¶ 10. In sum, determining the application of the economic loss rule here would require "a searching inquiry into the merits of the plaintiff's case"—an inquiry beyond the scope of fraudulent joinder analysis. *Grancare*, 889 F.3d at 549. Since there is "a possibility that a state court would find that the complaint states a cause of action against" Cerritos Ford, the dealership was not fraudulently joined. *See id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).[1]

Ford also requests that the Court sever Cerritos Ford to create complete diversity, citing Rule 21 of the Federal Rules of Civil Procedure and *Sams v. Beech Aircraft Corp.*, 625 F.2d 273 (9th Cir. 1980). But while some federal district courts have contemplated the possibility of severance to facilitate removal, such an application of Rule 21 seems improper. *See Allen v.*

---

[1] It's worth noting also that California district courts have been virtually unanimous in rejecting Ford's fraudulent joinder argument relating to negligent repair and the economic loss rule. *See, e.g.*, *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 842 (C.D. Cal. 2019); *Gayou v. Ford Motor Co.*, 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019); *Ruiz v. FCA US LLC*, 2019 WL 4137613, at *3 (C.D. Cal. May 31, 2019); *McAdams v. Ford Motor Co.*, 2019 WL 2378397, at *4–5 (N.D. Cal. June 5, 2019); *White v. Ford Motor Co.*, 2019 WL 6694735, at *4 (N.D. Cal. Nov. 21, 2019); *Millican v. Ford Motor Co.*, 2019 WL 7020214, at *2 (N.D. Cal. Dec. 20, 2019); *but see Ruiz v. BMW of North America, LLC*, 2017 WL 217746, at *2 (C.D. Cal. Jan. 18, 2017).

*FDIC*, 710 F.3d 978, 984 (9th Cir. 2013) ("[F]ederal jurisdiction is determined at the time of removal."); *In re Roundup Products Liability Litigation*, 2019 WL 6122004 (N.D. Cal. Nov. 19, 2019) ("Federal Rule of Civil Procedure 21 does not permit an end-run around the narrowly cabined doctrine of fraudulent joinder and the already-questionable doctrine of fraudulent misjoinder."). Regardless, it's unclear on the current record how closely related the claims against Cerritos Ford are to the claims against Ford Motor Company, which makes it impossible for the Court to assess whether severance would even make sense.

Because Ford has failed to establish complete diversity, this Court lacks subject-matter jurisdiction over this action. The case is ordered remanded to the Santa Clara County Superior Court, and the Clerk of the Court is ordered to close the case.

**IT IS SO ORDERED.**

Dated: January 8, 2020

VINCE CHHABRIA
United States District Judge